IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-216-1-FL
NO. 5:09-CR-216-2-FL
NO. 5:09-CR-216-3-FL
NO. 5:09-CR-216-4-FL
NO. 5:09-CR-216-5-FL
NO. 5:09-CR-216-6-FL
NO. 5:09-CR-216-7-FL
NO. 5:09-CR-216-8-FL

FILED IN OPEN COURT
ON 11-24-10 ec
Dennis P. Iavarone Clerk
US District Court
Eastern District of NC

UNITED STATES OF AMERICA   )
   )
v.   )
   )
DANIEL PATRICK BOYD,   )   I N D I C T M E N T
a/k/a "Saifullah,"   )   (Second Superseding)
HYSEN SHERIFI   )
ANES SUBASIC a/k/a Mladen Subasic   )
ZAKARIYA BOYD, a/k/a "Zak"   )
DYLAN BOYD, a/k/a "Mohammed"   )
JUDE KENAN MOHAMMAD   )
MOHAMMAD OMAR ALY HASSAN   )
ZIYAD YAGHI   )

The grand jury charges that:

### General Allegations

At all times relevant to this Indictment:

1.   Defendant DANIEL PATRICK BOYD a/k/a "Saifullah"
(meaning Sword of God) is a United States citizen living in the
Eastern District of North Carolina.

2.   Defendant HYSEN SHERIFI, a native of Kosovo and a legal
permanent resident of the United States, is located in the
Eastern District of North Carolina.

1

3.     Defendant ANES SUBASIC is a naturalized citizen of the United States, residing in the Eastern District of North Carolina.

4.     Defendant ZAKARIYA BOYD, a/k/a "Zak," is a United States citizen living in the Eastern District of North Carolina.

5.     Defendant DYLAN BOYD, a/k/a "Mohammed," is a United States citizen living in the Eastern District of North Carolina.

6.     Defendant JUDE KENAN MOHAMMAD is a citizen of the United States whose last legal residence in the United States was in the Eastern District of North Carolina.

7.     Defendant MOHAMMAD OMAR ALY HASSAN is a citizen of the United States, and is residing in the Eastern District of North Carolina.

8.     Defendant ZIYAD YAGHI is a naturalized citizen of the United States, and is residing in the Eastern District of North Carolina.

9.     From 1989 - 1992, DANIEL PATRICK BOYD a/k/a "Saifullah" traveled to Pakistan and Afghanistan where he received military style training in terrorist training camps for the purpose of engaging in violent *jihad*. Following this training, Boyd claims to have fought in Afghanistan.

2

(Conspiracy to Provide Material Support to Terrorists)
18 U.S.C. § 2339A

10. The Grand Jury realleges and incorporates by reference the General Allegations contained in paragraphs 1 through 9 of this Indictment, and further alleges that:

## I. Conspiracy

11. Beginning on a date unknown but no later than November 9, 2006, and continuing through at least July, 2009, within the Eastern District of North Carolina and elsewhere, the defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ANES SUBASIC, ZAKARIYA BOYD, a/k/a "Zak," DYLAN BOYD, a/k/a "Mohammed," JUDE KENAN MOHAMMAD, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI, did knowingly, willfully, and unlawfully combine, conspire, confederate and agree with other individuals known and unknown to the grand jury to knowingly provide material support and resources, as that term is defined in 18 U.S.C. § 2339A(b) to wit: currency, training, transportation, and personnel, and to conceal and disguise the nature, location, source, and ownership of material support and resources, knowing and intending that they were to be used in preparation for, and in carrying out, a violation or violations of Title 18, United States Code, Section 956, (Conspiracy to murder, kidnap, maim or injure persons in a

3

foreign country), that is, conspiring with one or more persons to commit, at any place outside the jurisdiction of the United States, an act that would constitute the offense of murder (the unlawful killing of human beings with malice aforethought), kidnapping, maiming, and injuring, if committed in the special maritime and territorial jurisdiction of the United States and in so doing, commit an act within the United States to effect an object of such conspiracy.

## II. Manner and Means

12. It was the purpose and object of the conspiracy to advance violent *jihad* including supporting and participating in terrorist activities in specific locations outside the United States and committing acts of murder, kidnapping or maiming persons outside the United States. The manner and means by which the conspiracy was sought to be accomplished included, among other things, the following during the dates of the alleged conspiracy:

a. It was part of the conspiracy that the defendants and their co-conspirators prepared to become "*mujihadeen*" and die "*shahid*"—that is, as martyrs in furtherance of violent *jihad*.

b. It was further a part of the conspiracy that certain of the defendants radicalized others, mostly young muslims or

4

converts to Islam, to believe in "*fard 'ayn*," the idea that violent *jihad* was a personal obligation on the part of every good muslim.

c. It was further part of the conspiracy to offer training in weapons and financing, and to assist in arranging overseas travel and contacts so the others could wage *violent jihad*.

d. It was a part of the conspiracy to raise money to support the defendants' efforts in training and provision of personnel, and to disguise the destination of such monies from the donors.

e. It was further a part of the conspiracy to obtain weapons like the AK-47, to develop familiarity and skills with the weapons of choice used by *mujihadeen* in Afghanistan and elsewhere.

### III. Overt Acts

13. In furtherance of the conspiracy and to effect the illegal objects thereof, the defendants and their co-conspirators performed overt acts in the Eastern District of North Carolina, and elsewhere, including but not limited to the following:

14. On or about March 11, 2006, DANIEL PATRICK BOYD, a/k/a "Saifullah," defendant herein, did travel to Gaza and attempted to enter Palestine in order to introduce his son to individuals who also believed that violent *jihad* was a personal obligation on

5

the part of every good Muslim.

15. On or about October 7, 2006, defendant ZIYAD YAGHI departed the U.S. for Jordan, to engage in violent *jihad*.

16. On or about November 9, 2006, DANIEL PATRICK BOYD, a/k/a "Saifullah," defendant herein, purchased a Bushmaster M4 A3 16 inch patrolman carbine rifle and an ETA M16 V System C-MAG magazine.

17. On or about February 21, 2007, DANIEL PATRICK BOYD, a/k/a "Saifullah," defendant herein, purchased airline tickets to Israel from the United States for himself and defendant ZAKARIYA BOYD, a/k/a "Zak."

18. On or about March 13, 2007, DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Ruger mini 14 long gun.

19. On or about March, 29, 2007, Boyd purchased airline tickets to Israel from the United States for defendant DYLAN BOYD, a/k/a "Mohammed."

20. On or about April 3, 2007, tickets were purchased for defendants ZIYAD YAGHI and MOHAMMAD OMAR ALY HASSAN to travel from the United States to Israel.

21. On June 12, 2007, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," and ZAKARIYA BOYD, a/k/a "Zak," departed the U.S. for Tel Aviv, Israel.

22. On June 13, 2007, defendants ZIYAD YAGHI and MOHAMMAD OMAR ALY HASSAN departed Raleigh for Tel Aviv, Israel. Having failed in their attempt to engage in violent *jihad*, ZIYAD YAGHI returned to the United States on July 16, 2007, and MOHAMMAD OMAR ALY HASSAN returned to the United States on July 21, 2007.

23. On July 18, 2007, DANIEL PATRICK BOYD, a/k/a "Saifullah," DYLAN BOYD, a/k/a "Mohammed," and ZAKARIYA BOYD, a/k/a "Zak," returned to the United States having failed in their attempt to engage in violent *jihad*.

24. Upon his arrival in the United States, DANIEL PATRICK BOYD, a/k/a "Saifullah," lied to agents of Customs and Border Protection during an interview at the Atlanta airport by denying that he had intended to meet up in Israel with defendants ZIYAD YAGHI and MOHAMMAD OMAR ALY HASSAN.

25. On August 2, 2007, DANIEL PATRICK BOYD, a/k/a "Saifullah," lied to agents of the FBI in Raleigh, North Carolina, by denying that he had intended to meet up in Israel with defendants ZIYAD YAGHI and MOHAMMAD OMAR ALY HASSAN.

26. On or about February 28, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," solicited money to fund the travel of individuals overseas to engage in violent *jihad*.

27. On 21 March 2008, Anes SUBASIC stated to Daniel BOYD

7

that "We can do something," and "I'm gonna go, we can go together," and that "I can find a few other brothers." During this conversation, BOYD states that the "kuffar" have called the police on him and he was once turned away from Israel. SUBASIC responds that they need to find BOYD a new passport. During the same discussion, BOYD states that some in the news unsuccessfully attempted to wage jihad and were caught for doing foolish things. At this point, SUBASIC stated that anyone, not only these young men, should be taught to cross the border and how to navigate at night.

28. On or about April 18, 2008, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," and ANES SUBASIC, engaged in a coded conversation in which they discussed preparing to send two individuals overseas to engage in violent *jihad*.

29. On April 28, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," sent to defendant HYSEN SHERIFI an e-mail which attached literature extolling the virtues of dying *shahid*.

30. On or about June 7, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," accepted five hundred dollars ($500) in cash from defendant HYSEN SHERIFI to be used to help fund violent *jihad* overseas.

31. On or about June 17, 2008, defendant DANIEL PATRICK

8

BOYD, a/k/a "Saifullah," showed defendant HYSEN SHERIFI how to use and operate a Kalashnkov (AK-47) in BOYD's living room.

32. On or about July 30, 2008, defendant HYSEN SHERIFI departed from Raleigh, North Carolina, to travel to Pristina, Kosovo, to engage in violent *jihad*.

33. On or about October 7, 2008, defendant JUDE KENAN MOHAMMAD departed the United States to travel to Pakistan to engage in violent *jihad*.

34. On November 3, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Mossburg 100 ATR .270 rifle and a Llama Comanche III .357 revolver.

35. On November 6, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Century Arms AK Sporter 7.62 X 39 rifle.

36. On November 11, 2008, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Ruger mini 30 7.62 X 39 rifle.

37. On November 26, 2008, defendant HYSEN SHERIFI stated "everything is going as planned," and that he had "good news," "Allah has opened a way for me." The recipient of the statement believed this to be a reference to engaging in violent jihad.

38. On February 11, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased an Ishmash SAGA .308 rifle.

9

39. On March 2, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Century Arms Polish Tantal 5.45X39 rifle.

40. On March 31, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Century Arms C91 rifle .308.

41. On April 3, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," purchased a Century Arms M70B1 7.62X34 rifle, a Ruger mini 14 5.56 rifle, and a Smith & Wesson MP15 .223 rifle.

42. On April 5, 2009, defendant HYSEN SHERIFI returned to the United States for the purpose of soliciting funds and personnel to support the *mujihadeen*.

43. In 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," stopped attending services at the masjids (muslim houses of worship) in the Raleigh, North Carolina, area due to ideological differences. Instead, BOYD and others, known and unknown, met for Friday prayer at the BOYD home.

44. On June 10, 2009, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, and ZAKARIYA BOYD, a/k/a "Zak," practiced military tactics and the use of weapons on private property in Caswell County, North Carolina.

45. On July 7, 2009, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, and ZAKARIYA BOYD, a/k/a "Zak,"

10

practiced military tactics and the use of weapons on private property in Caswell County, North Carolina.

All in violation of Title 18, United States Code, Section 2339A.

COUNT TWO
(Conspiracy to murder, kidnap, maim and injure persons)
18 U.S.C. § 956(a)

46. The Grand Jury realleges and incorporates by reference the General Allegations of this Indictment contained in paragraphs 1 through 9 of this Indictment, and the overt acts listed in paragraphs 13 through 45 of Count One of this Indictment, and further alleges that:

47. Beginning on a date unknown but no later than November 9, 2006, and continuing through at least July, 2009, within the Eastern District of North Carolina and elsewhere, the defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ANES SUBASIC, ZAKARIYA BOYD, a/k/a "Zak," DYLAN BOYD, a/k/a "Mohammed," JUDE KENAN MOHAMMAD, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI, at least one of whom having been within the jurisdiction of the United States, did knowingly, willfully, and unlawfully conspire with one another and others known and unknown to the grand jury, to commit outside the United States an act that would constitute murder, that is, the unlawful killing of human beings with malice aforethought, kidnapping, maiming, and

11

injuring if committed in the special maritime and territorial jurisdiction of the United States, and in so doing, committed an act within the jurisdiction of the United States to effect any object of the conspiracy, to wit, on June 13, 2007, defendants MOHAMMAD OMAR ALY HASSAN and ZIYAD YAGHI departed Raleigh for Tel Aviv, Israel, on or about October 3, 2008, defendant JUDE KENAN MOHAMMAD departed the United States to travel to Pakistan, and on June 10, 2009, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ZAKARIYA BOYD, a/k/a "Zak," practiced military tactics and the use of weapons on private property in Caswell County, North Carolina.

All in violation of Title 18, United States Code, Section 956(a).

## COUNT THREE
### (Receiving firearm through interstate commerce)
### 18 U.S.C. §924(b)

48. The Grand Jury realleges and incorporates by reference the General Allegations of this Indictment contained in paragraphs 1 through 9 of this Indictment, and the overt acts listed in paragraphs 13 through 45 of Count One of this Indictment, and further alleges that:

49. On or about November 6, 2006, in the Eastern District of North Carolina, defendant DANIEL PATRICK BOYD, a/k/a

12

"Saifullah," with knowledge and reasonable cause to believe that offenses punishable by imprisonment for a term exceeding one year were to be committed therewith, to wit, conspiracy to provide material support to terrorists and conspiracy to murder, as set forth in Counts 1 and 2 of this indictment, did receive a firearm and ammunition in interstate commerce, to wit: a Bushmaster M4A3. In violation of Title 18, United States Code, Section 924(b).

COUNT FOUR
(Possession of firearm in furtherance of crime of violence)
18 U.S.C. § 924(c)

50. The Grand Jury realleges and incorporates by reference the General Allegations contained in paragraphs 1 through 9 of this Indictment, and the overt acts listed in paragraphs 13 through 45 of Count One of this Indictment, and further alleges that:

51. On or about June 10, 2009, in the Eastern District of North Carolina, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, and ZAKARIYA BOYD, a/k/a "Zak," did knowingly use and carry firearms, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, conspiracy to murder, as set forth in Count 2 of this indictment, and did possess said firearms in furtherance of such crime.

13

All in violation of Title 18, United States Code, Section 924(c).

COUNT FIVE
(knowing sale of firearm to convicted felon)
18 U.S.C. § 922(d) (1)

52. On or about February 6, 2009, in the Eastern District of North Carolina, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," and DYLAN BOYD, a/k/a "Mohammed," aiding and abetting each other, did knowingly sell or otherwise dispose of a firearm, that is, a Beretta 9 mm handgun and ammunition, to a person known to the grand jury, knowing and having reasonable cause to believe such person had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(d)(1) and 924, and 2.

COUNT SIX
(False statement)
18 U.S.C. § 1001

53. On or about July 18, 2007, in the Eastern District of North Carolina, in a matter within the jurisdiction of the Department of Homeland Security, an agency of the executive branch of the United States government, in a matter involving international terrorism, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation;

14

to wit, that when he traveled to Israel in June 2007, he had no plan to meet up with anyone other than his son, who had also then traveled to Israel, when in fact a meeting with others had been planned.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SEVEN
(False statement)
18 U.S.C. § 1001

54. On or about August 9, 2007, in the Eastern District of North Carolina, in a matter within the jurisdiction of the Department of Justice, an agency of the executive branch of the United States government, in a matter involving international terrorism, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation; to wit, that when he traveled to Israel in June 2007, he had no plan to meet up with defendants ZIYAD YAGHI and MOHAMMAD OMAR ALY HASSAN who also had then traveled to Israel, when in fact such meeting had been planned.

All in violation of Title 18, United States Code, Section 1001(a)(2).

15

## COUNT EIGHT
## (Possession of Firearm in Furtherance of Crime of Violence)
### 18 U.S.C. § 924(c)

55.  The Grand Jury realleges and incorporates by reference the General Allegations contained in paragraphs 1 through 9 of this Indictment, and the overt acts listed in paragraphs 13 through 45 of Count One of this Indictment, and further alleges that:

56.  On or about July 7, 2009, in the Eastern District of North Carolina, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, and ZAKARIYA BOYD, a/k/a "Zak," did knowingly use and carry firearms, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, conspiracy to murder, as set forth in Count 2 of this indictment, and did possess said firearms in furtherance of such crime.

All in violation of Title 18, United States Code, Section 924(c).

## COUNT NINE
## (Knowing Sale of Firearm to Convicted Felon)
### 18 U.S.C. § 922(d)(1)

57.  On or about April 25, 2009, in the Eastern District of North Carolina, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," did knowingly sell or otherwise dispose of a firearm, that is, a

16

Ruger mini-14 and ammunition, to a person known to the grand jury, knowing and having reasonable cause to believe such person had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(d)(1) and 924.

## COUNT TEN
(Knowing Provision of Ammunition to Convicted Felon)
18 U.S.C. § 922(d)(1)

58.  On or about July 7, 2009, in the Eastern District of North Carolina, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," did knowingly sell or otherwise dispose of ammunition, that is, multiple rounds of .223 ammunition, to a person known to the grand jury, knowing and having reasonable cause to believe such person had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(d)(1) and 924.

## COUNT ELEVEN
(Conspiracy to kill federal officer or employee)
18 U.S.C. § 1117

59. From on or about June 15, 2008, and continuing through at least July, 2009, in the Eastern District of North Carolina and elsewhere, the defendants, DANIEL PATRICK BOYD, a/k/a "Saifullah," and HYSEN SHERIFI, did knowingly, willfully, and unlawfully conspire and agree together with other persons known

17

and unknown to the grand jury to kill and attempt to kill officers and employees of the United States and of an agency of the Executive Branch of the United States, namely, members of the uniformed services, while such officers and employees were engaged in and on account of the performance of their official duties, and persons assisting such officers and employees in the performance of such duties and on account of that assistance, in violation of Title 18, United States Code, section 1114.

60. It was the purpose and object of the conspiracy for the defendants, DANIEL PATRICK BOYD, a/k/a "Saifullah," and HYSEN SHERIFI, to kill United States military personnel in an attack on government and military installations in Virginia and elsewhere. The manner and means by which the conspiracy was sought to be accomplished included, among other things:

61. Those participating in the conspiracy believed violent *jihad* was obligatory, and further believed that should their efforts to fight *jihad* overseas prove impossible, *jihad* would take place here in the United States.

62. It was part of the conspiracy that defendants, DANIEL PATRICK BOYD, a/k/a "Saifullah," and HYSEN SHERIFI, discussed potential targets in the United States.

63. It was further part of the conspiracy that defendant

18

DANIEL PATRICK BOYD, a/k/a "Saifullah," conducted "reconnaissance" at Marine Corps Base, Quantico, Virginia.

64. It was further part of the conspiracy that defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," acquired maps of Marine Corps Base, Quantico, Virginia, to be used by members of the conspiracy.

65. In furtherance of such agreement and conspiracy and to effect the objects thereof, the defendants and unindicted co-conspirators committed the following overt acts, among others:

a. On or about June 12, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," did conduct "reconnaissance" at the Marine Corps Base, Quantico, Virginia.

b. On or about June 22, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," reviewed maps of Marine Corps Base, Quantico, Virginia, intending the maps to be used by members of the conspiracy to plan and coordinate an attack on Quantico.

c. On or about July 7, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," possessed a weapon with the intent it be used on Marine Corps Base, Quantico, Virginia, stating it was "for the base."

19

d. On or about July 7, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," possessed ammunition with the intent it be used on Marine Corps Base, Quantico, Virginia, stating it was to be used, "to attack the Americans."

All in violation of Title 18, United States Code, Section 1117.

COUNT TWELVE

66. On or about December 2, 2003, in the Eastern District of North Carolina, and elsewhere, the defendant, ANES SUBASIC, knowingly procured and attempted to procure, contrary to law, naturalization, to wit: in applying to become a naturalized American Citizen the defendant did respond, certify, and swear untruthfully on his formal application for naturalization, Form N-400, dated December 2, 2003, specifically in that he, in question 17, represented that he had not ever been charged with committing any crime or offense, whereas in truth and in fact as the defendant well knew, he had been charged with committing crimes and offenses on at least ten occasions prior to December 3, 2003, all in violation of Title 18, United States Code, Section 1425(a).

20

## COUNT THIRTEEN

67. On or about December 2, 2003, in the Eastern District of North Carolina, the defendant, ANES SUBASIC, knowingly procured and attempted to procure, contrary to law, naturalization, to wit: in applying to become a naturalized American Citizen the defendant did respond, certify, and swear untruthfully on his formal application for naturalization, Form N-400, dated December 2, 2003, in answer to question 23, represented that he had not given false or misleading information to any US government official while applying for any immigration benefit or to prevent deportation, exclusion or removal, whereas in truth and in fact as the defendant well knew, he had made false statements in regard to his criminal history on an I-590, Registration for Classification as a Refugee, which he filed on December 8, 1997, wherein he responded to Question 15, "Have you ever been charged with a violation of law," with the answer, "I have not," and on an I-485, Application to Register Permanent Residence or Adjust Status, which he filed on August 24, 1999, wherein he responded "No," to Question 1, part #3, which asked if he had ever been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations, all prior to December 2, 2003, in

21

violation of Title 18, United States Code, Section 1425(a).

FORFEITURE NOTICE

68. The allegations contained in Count[s] One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c).

69. The violation of Title 18, United States Code, Sections 956a and 2339A, alleged in Counts One and Two of this Indictment, are federal crimes of terrorism, as defined in 18 U.S.C. § 2332b(g)(5), against the United States or its property or citizens.

70. The violation of Title 18, United States Code, Sections 956a and 2339A, alleged in Counts One and Two of this Indictment, are acts of international terrorism, as defined in 18 U.S.C. § 2331, against an international organization or foreign government.

71. DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ANES SUBASIC, ZAKARIYA BOYD, a/k/a "Zak," DYLAN BOYD, a/k/a "Mohammed," JUDE KENAN MOHAMMAD, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI were individuals engaged in planning and perpetrating an act of international terrorism against an international

22

organization or foreign government. Defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ANES SUBASIC, ZAKARIYA BOYD, a/k/a "Zak," DYLAN BOYD, a/k/a "Mohammed," JUDE KENAN MOHAMMAD, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI were individuals also engaged in planning and perpetrating a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property.

72. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 2339A and 956a alleged in Counts One and Two of this Indictment, the defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ANES SUBASIC, ZAKARIYA BOYD, a/k/a "Zak," DYLAN BOYD, a/k/a "Mohammed," JUDE KENAN MOHAMMAD, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G)(i) and Title 28, United States Code, Section 2461(c), all right, title, and interest in all assets, foreign and domestic. The assets to be forfeited pursuant to this paragraph include, but are not limited to: residence and property located at 134 Lakeside Circle, Willow Springs, NC; content of account number 000694780927 at Bank of America; content of account numbers 2000017763338 and 1010102805600 at Wachovia.

73. Upon conviction of the offenses in violation of Title

23

18, United States Code, Sections 2339A and 956a alleged in Counts

One and Two of this Indictment, the defendants DANIEL PATRICK

BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ANES SUBASIC, ZAKARIYA

BOYD, a/k/a "Zak," DYLAN BOYD, a/k/a "Mohammed," JUDE KENAN

MOHAMMAD, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI shall forfeit

to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(G)(ii) and Title 28, United States Code,

Section 2461(c), all right, title and interest in all assets,

foreign and domestic, acquired and maintained with the intent and

for the purpose of supporting, planning, conducting, and

concealing a Federal crime of terrorism against the United

States, citizens and residents of the United States, and their

property. The assets to be forfeited pursuant to this paragraph

include, but are not limited to: that property and residence

located at 134 Lakeside Circle, Willow Springs, North Carolina;

content of account number 000694780927 at Bank of America;

content of account numbers 2000017763338 and 1010102805600 At

Wachovia.

74. Upon conviction of the offenses in violation of Title

18, United States Code, Sections 2339A and 956a alleged in Counts

One and Two of this Indictment, the defendants DANIEL PATRICK

BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ANES SUBASIC, ZAKARIYA

24

BOYD, a/k/a "Zak," DYLAN BOYD, a/k/a "Mohammed," JUDE KENAN MOHAMMAD, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G)(iii) and Title 28, United States Code, Section 2461(c), all right, title and interest in all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property. The assets to be forfeited pursuant to this paragraph include, but are not limited to: residence and property located at 134 Lakeside Circle, Willow Springs, NC; content of account number 000694780927 at Bank of America; content of account numbers 2000017763338 and 1010102805600 at Wachovia.

75. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 2339A and 956a alleged in Counts One and Two of this Indictment, the defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ANES SUBASIC, ZAKARIYA BOYD, a/k/a "Zak," DYLAN BOYD, a/k/a "Mohammed," JUDE KENAN MOHAMMAD, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G)(iv) and Title 28, United States Code,

25

Section 2461(c), all right, title, and interest in all assets, foreign and domestic. The assets to be forfeited pursuant to this paragraph include, but are not limited to: residence and property located at 134 Lakeside Circle, Willow Springs, NC; content of account number 000694780927 at Bank of America; content of account numbers 2000017763338 and 1010102805600 at Wachovia.

76. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 2339A and 956a, alleged in Counts One and Two of this Indictment, pursuant to Fed. R. Crim. P. 32.2(b)(1), the defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ANES SUBASIC, ZAKARIYA BOYD, a/k/a "Zak," DYLAN BOYD, a/k/a "Mohammed," JUDE KENAN MOHAMMAD, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI shall pay to the United States a money judgment equal to the value of the assets subject to forfeiture under paragraphs 72 through 75.

All pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

11/23/2010
DATE

GEORGE E. B. HOLDING
United States Attorney
Eastern District of North Carolina

JOHN S. BOWLER
BARBARA D. KOCHER
Assistant United States Attorneys
Eastern District of North Carolina

JASON KELLHOFER
Trial Attorney
Department of Justice
National Security Division
Counterterrorism Section

27