UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | GOVERNMENT RESPONSE TO |
| v. | ) | DEFENDANT'S PRO SE FILING |
| | ) | (DE 2305) |
| DANIEL PATRICK BOYD | ) | |
| a/k/a "Saifullah" | | |

The United States Attorney for the Eastern District of North Carolina hereby responds to Defendant Boyd's March 29, 2019 *pro-se* filing entitled "Motion for disclosure of: Grand Jury Transcripts, Ballot, or Record for Inspection; Indictment; and Criminal Complaint".[1]

## *ARGUMENT AND ANALYSIS*

Defendant's motion is a frivolous filing making absurd statements and demanding documents without providing any applicable statutory or legal authority to support these claims. At best, Defendant Boyd has – albeit offhandedly – made a claim under the Freedom of Information Act.

Defendant's motion asserts that the record of his case contains no indication that a criminal complaint was ever filed which would thus display a violation of the Defendant's Fourth Amendment rights. Defendant additionally seems to assert that

---

[1] On April 9, 2019, by text order, the Government was directed to respond; thus the present filing falls within the 14 day window provided by the Court to file a response.

Page **1** of **6**

he is unaware of the existence of an indictment as well, the lack of which would result in various constitutional deprivations. This is a frivolous grievance. As the Defendant well knows, no complaint exists; nor is one required because he was indicted before a grand jury in the Eastern District of North Carolina, which was then superseded twice. *See* Indictment at DE 3, Superseding Indictment at DE 145, and Second Superseding Indictment at DE 670. The Defendant was presented a copy of his indictment at his initial appearance, waived appearance for superseding indictments and plead guilty to Counts One and Two of the Second Superseding Indictment before this very Court. In fact, as this Court is also well aware, Defendant Boyd later testified during the trial of co-conspirators to this very fact and acknowledged these indictments and his guilty plea. Simply put, the Indictments are public records in existence.

Defendant's motion next complains that he was "never accorded the right to inspect the grand jury ballot or record," and that "the docket sheet for the court does not indicate that the grand jury was ever convened, in fact, and no entry for it is evident." It is unclear exactly what ballot or record defendant seems to believe exists that he has a right to. In any case, the Government would point to the Indictment, Superseding Indictment, and Second Superseding Indictment – each of which were signed by the foreperson of the Grand Jury and filed with the Court. This is obviously evidence of the Grand Jury's convening and quorum decision supporting charges by probable cause.

Despite this, the Defendant illogically asserts that these claims thus raise

necessity for this Court to authorize disclosure of Grand Jury Records. Grand Jury matters are protected from disclosure under Federal Rule of Criminal Procedure (FRCP) 6(e). One exception applies allowing for a Court to authorize disclosure when a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FRCP 6(e)(3)(E)(ii). In the present instance, there has been no showing of any ground to dismiss the indictment. In fact, the defendant has apparently claimed there is no indictment in the first place. Alternatively, the Defendant has – without a scintilla of evidence – imagined that a sufficient quorum did not vote on the indictment. This is far from showing by any legal standard that "a ground may exist" to dismiss the indictment in this case. Creative imagination is not the basis by which such a ground is to be displayed to this Court.

Defendant next cites to the Court Reporter Act under 28 U.S.C. § 753(f) as authority for the claim that a federal prisoner may "obtain transcripts and other documents," but the plain reading of this provision is that it regards the payment of fees for such transcripts and other documents otherwise properly sought. It is not an independent basis upon which to rely for provision of the documents. In this instance, it would only be applicable if the Court were to find cause in exception to non-disclosure and authorize disclosure of Grand Jury matters. Moreover, it would only be applicable insofar as relating to who would bear the costs associated with fees for transcripts. And, only if the Court were to certify that the "appeal is not frivolous (but presents a substantial questions)". However, there is no reason to find an

exception to the grand jury secrecy, there are no transcripts at issue, this is not an appeal, and no substantial questions have been raised.

In the last two lines of his motion, Defendant notes, "[f]urthermore, the Freedom of Information Act, 5 U.S.C. Section 552, requires that [sic] the government to disclose all documents. The movant is financially incapable of procuring these documents and is in need of them in order to establish the level of injustice perpetrated." Thus, it would appear that the Defendant is attempting to make a FOIA claim to this Court for grand jury records – specifically for "grand jury ballot or record, which indicates the exact number of jurors in concurrence with the findings of the indictment," in his case. If FOIA is a matter allowing for disclosure of what the Defendant is requesting, then it is peculiar to cite to FOIA in a motion to this court when there is no evidence that the Defendant has first made a FOIA claim upon the Department of Justice in accordance with well-publicized process for how to do so.[2] Under this process, there are provisions for submitting a claim, instances in which fees may be waived, and the ability to file administrative appeals. FOIA itself then provides requesters with the right to challenge an agency's action on the request in federal court.

## CONCLUSION

In summary, Defendant's motion is frivolous due to claims that are clearly inapplicable and otherwise known to the Defendant. The claims presented provide no grounds to find an exception authorizing disclosure of grand jury matters. To the

---

[2] *See e.g.,* https://www.justice.gov/oip/make-foia-request-doj

Page **4** of **6**

Case 5:09-cr-00216-FL Document 2311 Filed 04/17/19 Page 4 of 6

extent that the Defendant believes the Government to be in possession of documents that must be provided in accordance with the Freedom of Information Act, then he should apply that process to request such records from the agency believed to have said records. The Government additionally notes that while submitted and signed by Defendant Boyd, the motion at page three (3) also states that it was "prepared by Themba B. Sanganza, Human Rights Activist." This is not an attorney, seems to be a self-entitled "human rights activist," and appears to be an individual imprisoned with Defendant Boyd who is providing inaccurate legal advice to Defendant Boyd.[3] For these reasons, the United States respectfully asserts that Defendant's *pro-se* motion should be denied.

This, the 17th day of May, 2019.

                                            ROBERT J. HIGDON, JR.
                                            United States Attorney

                              By: /s/ Jason M. Kellhofer
                                            JASON M. KELLHOFER
                                            Assistant United States Attorney
                                            United States Attorney's Office
                                            310 New Bern Avenue, Suite 800
                                            Raleigh, NC 27601
                                            Ph: 919-856-4530;Fax: 919-856-4487
                                            Email: jason.kellhofer@usdoj.gov
                                            OH Bar # 0074736

---

[3] The Judgement order in the case of U.S. v. Themba Benard Sanganza (DE 83 of case number 4:16cr50) displays that Themba Bernard Sanganza, acting *pro se*, pled guilty within the Eastern District of Virginia to violations of Mail Fraud (18 USC § 1341), Bank Fraud (18 USC § 1344), and Aggravated Identity Theft (18 USC § 1028A) resulting in a sentence of 168 months.

CERTIFICATE OF SERVICE

This is to certify that I have this the 17th day of April, 2019, served a copy of the foregoing Government Response to Defendant's Pro Se Filing (DE 2305) upon the defendant by mailing a copy of the same via the United States Postal Service to:

Daniel Patrick Boyd
Inmate Number 51765-056
Allenwood Medium FCI
PO Box 2000
White Deer, PA 17887